SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny Haygood,<br><br>    Petitioner,<br><br>vs.<br><br>Dennis R. Smith,<br><br>    Respondent. | No. CV 12-1069-PHX-DGC (DKD)<br><br>**ORDER** |

Petitioner Johnny Haygood, who is confined in the Federal Correctional Institution in Phoenix, Arizona, filed a *pro se* Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody and paid the $5.00 filing fee. (Doc. 1, 6.) The Court dismissed the Petition with leave to amend using the court-approved form. (Doc. 7.) Petitioner has filed a First Amended Petition and supporting memorandum. (Doc. 8, 9.) The Court will dismiss the First Amended Petition and this action.

**I.    Background**

Petitioner pleaded guilty pursuant to a plea agreement to one count of being a previously-convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1)[1] in the District of Connecticut pursuant to a plea agreement.  United States v.

---

[1] Section 924(e)(1) provides that:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned no less than fifteen years, and, notwithstanding any other

Haygood, No. 3:04cr0059 (D. Conn. Jan. 19, 2005); see Haygood v. United States, No. 3:06cv1569, 2007 WL 201242, at *1 (D. Conn. Jan. 23, 2007) (denying § 2255 motion), aff'd 353 Fed.Appx. 484 (2d Cir. 2009). On May 2, 2005, Petitioner was sentenced to 210 months in prison followed by five years on supervised release. Id., doc. 77. According to Petitioner, his sentence was enhanced based on a prior Connecticut conviction for *possession with intent to distribute 1.5 grams* of cocaine base, case # 17-5002.[2] Petitioner contends that the state statute at issue provided for a sentence of no more than 10 years and that he was sentenced to only 18 months. (Doc. 9 at 3.) He also contends that the predicate state offense did not fit into the serious drug offense under state law for which a maximum term of imprisonment of at least 10 years was prescribed by law. (Doc. 8 at 4.) Petitioner also argues that the sentencing court failed to consider mitigating factors under 18 U.S.C. § 3553(A). He also asserts that his attorney failed to properly object to enhancements based on prior convictions. (Doc. 9 at 5.)

On December 9, 2005, the Second Circuit Court of Appeals summarily affirmed Petitioner's conviction. United States v. Haygood, No. 05-2365 (2d Cir. 2005). On October 4, 2006, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255. Haygood v. United States, No. 3:06cv2569, doc. 1. On January 23, 2007, the court denied the motion. Id., doc. 5. On February 1, 2010, the mandate of the Second Circuit denying Petitioner's

---

> provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

The term "serious drug offense" means, (I) an offense under the Controlled Substances Act, 21 U.S.C. § 801, et seq., the Controlled Substances Import and Export Act, 21 U.S.C. § 951, et seq., or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substances as defined in section 102 of the Controlled Substances Act, 21 U.S.C. 802, for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 924(e)(2)(A).

[2] Elsewhere, Petitioner re-characterizes his conviction as one for simple possession involving 1 gram.

appeal was issued. Id., doc. 12; Haygood v. United States, No. 07-0576-pr (2d Cir. 2010). The Second Circuit denied Petitioner's motion for reconsideration on December 27, 2011. Id., doc. 15.

## II.     First Amended Petition

Petitioner names Dennis R. Smith, Warden of FCI-Phoenix, as the Respondent. Petitioner alleges two grounds for relief. In Ground One, he alleges that the Armed Career Criminal Act (ACCA) enhancement was improperly applied to him. In Ground Two, he alleges that the sentencing court unreasonably applied the ACCA enhancement without considering mitigating factors.

## III.    Standard for Relief Under § 2241

At the outset of a case, a district court must determine whether it has jurisdiction over a petition filed by a federal prisoner. Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006); Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Challenges to the legality of a federal conviction or sentence generally must be filed in the sentencing court pursuant to 28 U.S.C. § 2255, Hernandez, 204 F.3d at 864, while a federal prisoner who seeks to challenge the manner, location, or conditions of the execution of his sentence may file a habeas petition under 28 U.S.C. § 2241 in the district of custody, id. Otherwise, a federal prisoner may only petition for habeas relief under § 2241 *if* it appears that a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (*per curiam*). This provision is sometimes referred to as the "escape hatch." See Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).

Petitioner challenges application of the ACCA enhancement of his sentence. Therefore, this Court has jurisdiction over the First Amended Petition only if a § 2255 motion would be inadequate or ineffective to test the legality of Petitioner's conviction. See Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008). The circumstances in which § 2255 is inadequate or ineffective to test the legality of a prisoner's detention are narrow. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997). Generally, "the ban on unauthorized second or successive petitions does not per

se make a § 2255 'inadequate or ineffective.'" Stephens, 464 F.3d at 898 (quoting Lorentsen, 223 F.3d at 953 ); see also Ivy, 328 F.3d at 1059 ("§ 2255's remedy is not 'inadequate or ineffective' merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition[.]" (citation omitted)).

A petitioner must make two showings to establish that a remedy under § 2255 is inadequate or ineffective. First, a petitioner must make a claim of actual innocence. Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898. Second, he must establish that he "has not had an unobstructed procedural shot at presenting [his] claim.'"[3] Harrison, 519 F.3d at 959 (citation omitted); Stephens, 464 F.3d at 898.

"'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" Stephens, 464 F.3d at 898 (citation omitted). In this case, Petitioner asserts that he is actually innocent of a sentencing enhancement. However, a claim of actual innocence from a non-capital sentencing enhancement is generally not cognizable under the escape hatch. Marrero v. Ives, 682 F.3d 1190, 1193-94 (9th Cir. 2012) (citing cases from the First, Second, Third, Fifth, Sixth, Seventh, and Eleventh Circuits). The Ninth Circuit has described three categories of possible exceptions to the general rule recognized or suggested by other courts:

> First, some courts have held that a petitioner may be actually innocent of a sentencing enhancement if he was *factually* innocent of the crime that served as the predicate conviction for the enhancement. McKay v. United States, 657 F.3d 1190, 1199 (11th Cir.2011), petition for cert. filed, – U.S.L.W. –, (U.S. Apr. 23, 2012) (No. 11-9985); United States v. Pettiford, 612 F.3d 270, 282 (4th Cir.), cert. denied, – U.S. –, 131 S.Ct. 620, 178 L.Ed.2d 454 (2010); Poindexter, 333 F.3d at 381-82; Selsor v. Kaiser, 22 F.3d 1029, 1036 (10th Cir. 1994). Second, some courts have suggested that a petitioner may qualify

---

[3] To establish that he lacked an unobstructed procedural shot to pursue his claim, a petitioner's claim must not have "'become available' until after a federal court decision." Harrison, 519 F.3d at 960 (quoting Stephens, 464 F.3d at 898). Thus, a court must consider: "(1) whether the legal basis for [the] petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Id. (quoting Ivy, 328 F.3d at 1060-61). The federal prisoner bears the burden of proving that a remedy under § 2255 is adequate or ineffective to test the legality of his detention. Toma v. Turnage, 825 F.2d 1400, 1404 (9th Cir. 1987).

> for the escape hatch if he received a sentence for which he was statutorily ineligible. See Gibbs v. United States, 655 F.3d 473, 479 (6th Cir.2011) ("A challenge to the sentencing court's guidelines calculation ... only challenges the legal process used to sentence a defendant and does not raise an argument that the defendant is ineligible for the sentence she received. The Supreme Court did not intend the 'actual innocence' exception to save such procedural claims."), cert. denied, – U.S. —, 132 S.Ct. 1909, 182 L.Ed.2d 777 (2012); Gilbert, 640 F.3d at 1323 (declining to decide whether a petitioner could bring a § 2241 petition under the savings clause if "he was sentenced to a term of imprisonment exceeding the statutory maximum"). And third, some courts have left open the possibility that a petitioner might be actually innocent of a sentencing enhancement if the sentence resulted from a constitutional violation. Trenkler, 536 F.3d at 99-100; Higgins v. Smith, 991 F.2d 440, 441-42 (8th Cir. 1993).

Id. at 1194-95.[4]

The Ninth Circuit has not itself decided that any of the above exceptions may apply to cases before it. See id. at 1195. Even if it had, Petitioner does not allege that he is factually innocent of the crime that served as the predicate conviction for the enhancement. Second, Petitioner has not asserted that he qualifies for the escape hatch because he received a sentence for which he was statutorily ineligible. Rather, Petitioner argues that the sentencing enhancement should not have been applied because the maximum sentence for the predicate drug offense, possession *with intent to distribute*, was not subject to a maximum of *more than* 10 years. However, § 924(e)(2)(A)(ii) provides that the enhancement applies if the maximum sentence for the state drug offense was punishable by 10 years or more. Petitioner himself acknowledges that the maximum sentence for his predicate drug offense was up to 10 years. Thus, he fails to allege or show that he received a sentencing enhancement for which he was statutorily ineligible. Finally, Petitioner does not assert that his sentence resulted from a constitutional violation. Because Petitioner has failed to allege or show actual innocence for purposes of the escape hatch, he cannot demonstrate that a remedy under § 2255 is inadequate or ineffective. Accordingly, his First Amended Petition and this action will be dismissed.

---

[4] The Supreme Court denied certiorari in McKay on October 1, 2012. No. 11-9985, 2012 WL 1439805.

**IT IS ORDERED:**

(1) The First Amended Petition is **dismissed** without prejudice. (Doc. 8.)

(2) The Clerk of Court will enter a judgment of dismissal of this action without prejudice.

(3) Although Petitioner has brought his claims in a § 2241 petition, a certificate of appealability is required where a § 2241 petition attacks the petitioner's conviction or sentence. See Porter v. Adams, 244 F.3d 1006 (9th. 2001). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 26th day of November, 2012.

_David G. Campbell_
David G. Campbell
United States District Judge